IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT W. LEACH and KEESHA LEACH, | CV 07 Civil Action No.: 4060 |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| vs. | (JURY TRIAL DEMANDED) |
| RAFAIL M. KAYKOV and M&M ROYALE LIMOUSINE, INC., | AMON, J. |
| Defendants. | POHORELSKY, M.J. |

Plaintiffs, appearing by their attorney, The Law Office of Scott B. Schwartz, PLLC, hereby allege as follows:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
SEP 28 2007
BROOKLYN OFFICE

## PRELIMINARY STATEMENT

1. This diversity action is brought by Plaintiffs Robert W. Leach and Keesha Leach seeking monetary damages based on the gross negligence, negligence, negligence *per se*, carelessness and recklessness of Defendants Rafail M. Kaykov and M&M Royale Limousine.

2. This action arises out of a motor vehicle accident that took place on July 17, 2007, at or near Mile Post 26.2 on Interstate 80 Westbound, in the Township of Mount Olive, within the County of Morris, State of New Jersey.

3. At approximately 1:19 a.m., Defendant Rafail M. Kaykov, an agent, servant, licensee, designee, contractor and/or employee of Defendant M&M Royale Limousine, Inc., in the operation of his vehicle, a 2005 Lincoln Town Car (NYS License Plate Number T424403C), acted in a negligent, careless, reckless and grossly negligent manner in steering his vehicle into a marked construction zone, and in colliding with a parked and unattended construction vehicle.

4. As a result of the collision, Plaintiff Robert W. Leach, a rear-seat passenger in Mr. Kaykov's vehicle, sustained severe and permanent personal injuries.

5. Plaintiff Keesha Leech, the lawful spouse of Plaintiff Robert W. Leach, has been deprived of all of the care, comfort and society that her husband would have provided but for the Defendants' negligent, careless, reckless, wanton and grossly negligent actions.

## SUBJECT MATTER JURISDICTION

6. Plaintiffs repeat each allegation contained in paragraphs 1-5.

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332, which provides for original jurisdiction over all actions involving an amount in controversy exceeding $75,000 (Seventy-Five Thousand Dollars), exclusive of interest and costs, and diversity of citizenship between the parties.

## IN PERSONAM JURISDICTION AND VENUE

8. Plaintiffs repeat each allegation contained in paragraphs 1-7.

9. That venue is properly placed in the Eastern District of New York, pursuant to 28 U.S.C. § 1391, as the Defendants reside in and/or transact business, advertise, solicit, and derive revenues from within the District of this Court, and the subject vehicle was dispatched from and registered with an address falling inside this District.

## PARTIES

10. Plaintiffs repeat each allegation contained in paragraphs 1-9.

11. Plaintiffs Robert W. Leach and Keesha Leach were, and still are, citizens of the State of Pennsylvania.

12. Upon information and belief, Defendant Rafail M. Kaykov was, and still is, a citizen of the State of New York, residing in the County of Queens.

13. Upon information and belief, on or about July 16, 2007 and July 17, 2007, Defendant Rafail M. Kaykov was the owner of a 2005 Lincoln Town Car bearing NYS License Plate Number T424403C.

14. Upon information and belief, on or about July 16, 2007 and July 17, 2007 Defendant Rafail M. Kaykov was a livery cab driver duly licensed to operate a 2005 Lincoln Town Car bearing NYS License Plate Number T424403C.

15. Upon information and belief, on or about July 16, 2007 and July 17, 2007, the aforesaid 2005 Lincoln Town Car bearing NYS License Plate Number T424403C was duly registered with the New York City Taxi and Limousine Commission ("TLC").

16. Upon information and belief, on or about July 16, 2007 and July 17, 2007, Defendant Rafail M. Kaykov maintained the aforesaid 2005 Lincoln Town Car bearing NYS License Plate Number T424403C.

17. Upon information and belief, on or about July 16, 2007 and July 17, 2007, Defendant Rafail M. Kaykov controlled the aforesaid 2005 Lincoln Town Car bearing NYS License Plate Number T424403C.

18. At the time and place of the subject accident, Defendant Rafail M. Kaykov was operating the aforesaid 2005 Lincoln Town Car bearing NYS License Plate Number T424403C.

19. At the time and place of the subject accident, Defendant Rafail M. Kaykov was providing passenger transportation to Plaintiff Robert W. Leach.

20. At or before the time of the subject accident, Defendant Rafail M. Kaykov was hired, retained, contracted, instructed, controlled, supervised, managed and/or dispatched by Defendant M&M Royale Limousine, Inc. for the purpose of providing passenger transportation to Plaintiff Robert W. Leach.

21. Upon information and belief, Defendant M&M Royale Limousine, Inc. was, and still is, a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 47 Palisade Rd, Rye, New York 10580.

22. Upon information and belief, Defendant M&M Royale Limousine, Inc. was, and still is, a business entity actually doing business in the State of New York.

23. Upon information and belief, Defendant M&M Royale Limousine, Inc. was, and still is, in the business of providing passenger transportation.

24. Upon information and belief, Defendant Rafail M. Kaykov was, and still is, as an agent, servant, licensee, designee, contractor and/or employee of Defendant M&M Royale Limousine, Inc.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Plaintiffs repeat each allegation contained in paragraphs 1-24.

26. On or about July 17, 2007, Defendant Rafail M. Kaykov was operating the aforesaid 2005 Lincoln Town Car bearing NYS License Plate Number T424403C, with a fare-paying passenger Plaintiff Robert W. Leach, in furtherance of the business interests of Defendant M&M Royale Limousine, Inc.

27. On or about July 17, 2007, Interstate 80, at or near Mile Post 26.2, in the Township of Mount Olive, in the County of Morris, State of New Jersey, was a public roadway in common use by the general public.

28. On or about July 17, 2007, Interstate 80, at or near Mile Post 26.2, in the Township of Mount Olive, in the County of Morris, State of New Jersey, contained lane closures in connection with a construction project that involved the use of commercial vehicle, including a GMC Truck bearing New Jersey license plate number XJ631H.

29. On or about July 17, 2007, Defendant Rafail M. Kaykov acted in a negligent, careless, reckless and grossly negligent manner in steering his vehicle, at a high rate of speed, into a marked construction zone, and in colliding into the rear of said GMC Truck bearing New Jersey license plate number XJ631H.

30. On or about July 17, 2007, Defendant Rafail M. Kaykov was negligent *per se*, in violating the traffic laws of the State of New Jersey, and in the course of doing so, proximately causing Plaintiff Robert W. Leach to suffer serious and permanent personal injuries.

31. The aforesaid occurrence, and resulting serious and permanent personal injuries, to Plaintiff Robert W. Leach were due to the negligence, carelessness, recklessness and gross negligence and wanton acts of the Defendants, without any fault or wrongdoing on the part of Plaintiff Robert W. Leach, who was lawfully traveling as a passenger.

32. That by reason of the foregoing, Plaintiff Robert W. Leach sustained severe and permanent personal injuries, and was otherwise damaged to an extent that is not yet fully known.

33. That, as a result of the aforesaid occurrence, Plaintiff Robert W. Leach sustained a serious injury as that term is that term is interpreted and defined by New York State Insurance Law §5102(d), or an economic loss greater than the basic economic loss as defined by New York State Insurance Law §5102(a).

34. That, as a result of the aforesaid occurrence, Plaintiff Robert W. Leach sustained a serious injury as that term is interpreted and defined under the laws of the State of New Jersey. See, N.J.S.A § 39:6A-8

35. That, as a result of the aforesaid occurrence, Plaintiff Robert W. Leach sustained a serious injury as that term is interpreted and defined under the laws of the State of Pennsylvania.

36. This action falls within one or more of the exceptions set forth in C.P.L.R. §1602.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiffs repeat each allegation contained in paragraphs 1-36.

38. Defendant M&M Royale Limousine, Inc. had legal and common law duties to provide safe passenger transportation Plaintiff Robert W. Leach and the traveling public, including, but not limited to, its legal duties under the provisions set forth by the TLC.

39. Defendant M&M Royale Limousine, Inc., in the furtherance of its business interests, negligently screened, hired, trained, retained, contracted, instructed, controlled, supervised, managed and/or dispatched Defendant Rafail M. Kaykov to provide safe passenger transportation to Robert W. Leach.

40. The aforesaid acts of Defendant M&M Royale Limousine, Inc. were the direct and proximate cause of serious and permanent injury to Plaintiff Robert W. Leach.

41. That by reason of the foregoing, Plaintiff Robert W. Leach sustained severe and permanent personal injuries, and was otherwise damaged to an extent that is not yet fully known.

42. That, as a result of the aforesaid occurrence, Plaintiff Robert W. Leach sustained a serious injury as that term is that term is interpreted and defined by New York State Insurance Law §5102(d), or an economic loss greater than the basic economic loss as defined by New York State Insurance Law §5102(a).

43. That, as a result of the aforesaid occurrence, Plaintiff Robert W. Leach sustained a serious injury as that term is interpreted and defined under the laws of the State of New Jersey. See, N.J.S.A § 39:6A-8

44. That, as a result of the aforesaid occurrence, Plaintiff Robert W. Leach sustained a serious injury as that term is interpreted and defined under the laws of the State of Pennsylvania.

45. This action falls within one or more of the exceptions set forth in C.P.L.R. §1602.

## AS AND FOR A THIRD CAUSE OF ACTION

46.   Plaintiffs repeat each allegation contained in paragraphs 1-45.

47.   Keesha Leach, the lawful spouse of Robert W. Leach, was entitled to all of the care, comfort and society that Mr. Leach would have provided but for the Defendant's negligent, careless and reckless actions more fully set forth above.

48.   That Keesha Leach has been deprived of Mr. Leach's care, comfort and society due to the Defendant's negligent, careless and reckless actions more fully set forth above.

WHEREFORE, Plaintiffs Robert W. Leach and Keesha Leach pray that this Court:

A)   Enter judgment for Plaintiff as and for general damages in an amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

B)   Enter judgment for plaintiff as and for special damages in an amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

C)   Enter judgment for plaintiff as and for punitive damages in an amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

D)   Enter judgment for attorneys' fees and costs of this action.

E)   Plaintiff demands a trial by jury of all issues herein.

F)   Grant such other relief that law and justice requires.

## JURY DEMAND

49.   Plaintiff demands a trial by jury of all issues in this action that are so triable.

Dated: New York, New York
       September 27, 2007

                Respectfully submitted,

                **LAW OFFICE OF SCOTT B. SCHWARTZ, PLLC.**

                By: _[signature]_
                    Scott B. Schwartz (SS-7082)
                    *Attorney for Plaintiffs Robert W. Leach and Keesha Leach*
                    40 Exchange Place, Suite 2010
                    New York, New York 10005
                    (212) 321-7091

To:    Rafail Kaykov
        75-48 185th Street
        Fresh Meadows, New York 11366

        M&M Royale Limousine, Inc.
        47 Palisade Road
        Rye, New York 19580

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Scott B. Schwartz, Esq., being duly sworn, deposes and says that he is a member of The Law Office of Scott B. Schwartz, PLLC., the attorneys for plaintiffs, Robert W. Leach and Keesha Leach, with an office at 40 Exchange Place, New York, New York 10005. I affirm that I have read the foregoing Verified Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true. The source of my information and the grounds for my belief as to all matters in the foregoing Verified Complaint are based on records, reports, correspondence, communications and investigations in connection with this matter.

That the reason why this verification is made by me, and not by the plaintiffs, is because the Plaintiffs do not reside within the County of New York, the County where The Law Office of Scott B. Schwartz, PLLC is located.

Dated: New York, New York
       September 27, 2007

_____
Scott B. Schwartz